74,684-04

Mr. Jeffrey Scott Fields
TDCJ-CID No. 1234362
Allred Unit
2101 F.M. 369 North
Iowa Park, Texas 76367

March 10, 2015

Mr. Abel Acosta, Clerk
Court of Criminal Appeals of Texas
P.O. Box 12308, Capitol Station
Austin, Texas 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAR 16 2015
Abel Acosta, Clerk

Re: Ex Parte: Jeffrey Scott Fields
TCCA No. WR-74,684-04
State Habeas Trial Court No. 9034186-A

Dear Mr. Acosta:

Enclosed for filing and prompt presentation to the Court is the following:

1. Applicant's Procedural Objections and Objections to the State Habeas Trial Court's February 26, 2015 Findings of Fact and Conclusions of Law

Also, please know that it is critical that the staff attorney and TCCA Justice assigned to the above-referenced 11.07 habeas case be presented with the above pleading prior to a final decision being made in this case.

Lastly, please notice me of the receipt and filing of this pleading.

Respectfully,

Jeffrey S. Fields
Applicant Pro Se

IN THE
390th DISTRICT COURT
AUSTIN, TRAVIS COUNTY, TEXAS
AND THE
COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS

EX PARTE:                                    §
                                             §   TRIAL COURT No. 9034186-A
                                             §   TCCA CASE No. WR-74,684-04
                                             §
JEFFREY SCOTT FIELDS                         §

APPLICANT'S PROCEDURAL OBJECTIONS AND OBJECTIONS
TO THE STATE HABEAS TRIAL COURT'S FEBRUARY 26, 2015
FINDINGS OF FACT AND CONCLUSIONS OF LAW

TO THE HONORABLE JUDGES OF SAID COURTS:

Now COMES JEFFREY SCOTT FIELDS ("Applicant"), in pro se, filing his procedural objections and Objections to the State Habeas Trial Court's ("SHTC") February 26, 2015 Findings of Fact and Conclusions of Law ("FOF/COL"), which relates to the Court of Criminal Appeals of Texas' ("TCCA") February 04, 2015 remand order. In Support, Applicant presents the following objections:

## I. PROCEDURAL OBJECTIONS

### A. SHTC Related

1. On October 14, 2014, the SHTC showed state partiality by allowing the Travis County District Attorney ("state") to "propose" and "recommend" the SHTC's FOF/COL, by signing and filing the state's "State's Proposed Findings of Fact, Recommendation, and Order to Transmit Habeas Corpus Record . . .", and by failing to prepare and file its own impartial,

neutral FOF/COL.[1] Applicant believes the SHTC never took the time to independently review Applicant's 11.07 application, memorandum, and three volumes of Appendix evidentiary proof during the October 14, 2014 FOF/COL and instead adopted the State's manipulative, deceptive Answer and the State's Proposed Finding of Fact... to diminish Applicant's 11.07 pleadings and to prevent the TCCA from reversing Applicant's Cause No. 9034186, Count one conviction. Therefore, Applicant objects to the State having direct control of the SHTC's October 14, 2014 FOF/COL. The SHTC should make its own impartial FOF/COL without state influence. This has given the State an unfair advantage over Applicant, amounting to the proverbial "Fox in the chicken coop."

2. The State also assisted/coached Applicant's former trial and appellate counsel, Jeff Senter, in preparing a manipulative, deceptive attorney affidavit (filed May 27, 2014; States Answer Filed May 29, 2014) for utilization in the State's Answer and in the State's Proposed Findings of Fact..., which, as described above, the SHTC adopted as its own on October 14, 2014. The State assisted Senter to insulate him from liability on several 11.07 ineffective assistance of Counsel grounds Applicant presented in his 11.07 pleadings but also to further prevent the TCCA from granting Applicant any relief, especially with respect to Cause No. 9034186, Count one. Therefore, Applicant objects to the credibility of Senter's May 22, 2014 dated Affidavit of Jeff Senter on the ground of state influence and the ground that the state has gained an unfair advantage over Applicant, amounting to the proverbial "Fox in the chicken coop."

B. TCCA Related

---

FN-1: Please see Applicant's October 22, 2014 dated objections (filed in the TCCA) to the SHTC's October 14, 2014 FOF/COL.

2.

1. Applicant respectfully objects to the TCCA even considering the SHTC's October 14, 2014 FOF/COL and the State's May 29, 2014 Answer for many reasons, but procedurally because of the SHTC and the state repeatedly and intentionally ignoring and violating the answer and FOF/COL time provisions of Tex Code Crim. Proc., Art. 11.07 and the filing dates stipulated in the TCCA's November 27, 2013 and April 07, 2014 remand orders. If Applicant had similarly violated statutory law and the TCCA's orders, his pleadings would have been quickly denied and or would not have been filed. Something is seriously wrong with due process of law when the state and SHTC were allowed to utilize 3½ years to resolve Applicant's 11.07, albeit unfairly.

2. Applicant respectfully objects to the TCCA adopting both of the SHTC's FOF/COL dated/filed October 14, 2014 and dated February 26, 2015 / Filed March 02, 2015 and granting and or denying relief without thoroughly reading and considering the trial record citations, Austin police department investigative report citations, and memorandum of fact/law appendix evidentiary exhibits Applicant presented for each ground of his 11.07 application and the fact section for each related ground in his memorandum of fact/law. Of particular importance are grounds 1, 2, 6, 7, 11, 20, 21, 23-29, 31, 32, 34, 35, 37-39, 41, 42, 44-73, 75-77, 79, 80, 85, 86. Applicant requests that the TCCA not solely rely on the state's and SHTC's 11.07 pleadings and grant Applicant relief where Applicant has proven in his pleadings that harmful Constitutional violations occurred, especially with respect to Cause No. 9034186, Count One.

## II. OBJECTIONS TO THE SHTC's FEBRUARY 26, 2015 FOF/COL

### A. Relating to FOF/COL No. 2)

1. Applicant objects to the SHTC stating Applicant "Knocked her to the ground." During trial, the state made this false

3.

assumption. (RR, Vol. 5, p. 177, Lns. 12-14). The Complainant ("Brown") never stated Applicant struck her or knocked her down and was unsure how she ended up on the ground. (RR, Vol. 4, p. 32, Lns. 15-25; RR, Vol. 4, p. 55, Lns. 4-8). Applicant states Brown tripped as she moved backwards when Applicant opened her motel room door. (see 11.07 application grounds 18, 39 for this issue).

2. Applicant objects to the SHTC stating Applicant "placed a plastic bag over her head". The SHTC and the State clearly knew at trial that Applicant never placed a plastic bag over Brown's head:

> State: So he didn't put it over your head like a hood?
>
> Brown: No.

(RR, Vol. 4, p. 33, Lns. 14-24 to p. 34, Lns. 1-2; see also RR, Vol. 4, p. 55, Lns. 4-8).

Moreover, on the offense date, Brown told Austin Police Department officer and State's witness Nicolas Garcia that it was Applicant who removed the plastic bag full of clothes from her mouth area, never claiming that she had to rip the bag to breathe (see 11.07 Appendix Volume one, Exhibit 5-A24, Lns. 14-17), which the State coached Brown to say during trial. (see 11.07 application grounds 15, 20, 37, 49, 52, 57 for this issue).

3. Applicant objects to the SHTC stating "and attempted to choke her." This is false in that it was not an "attempt" to choke. Applicant did, very briefly, actually choke Brown, but only by placing her in a headlock with his arm to prevent Brown from leaving the motel room after Applicant entered. Applicant never used his hand or hands to choke Brown, as the State coached Brown to say during trial:

4.

State: ... how was he choking you after the bag?

Brown: He was choking me with his hands [emphasis mine]

State: Was he using both hands?

Brown: I don't know [emphasis mine]

IF someone is choking you with both hands, this is something you would definitely know. Moreover, Brown never sustained any bruising, etc to indicate hands choking, only a 1/4" long scratch on one side of her neck where Brown tried to pull Applicant's arm away from her neck during the headlock. (see 11.07 application grounds 29, 49 for this issue).

4. Applicant objects to the SHTC stating "Applicant then masturbated and ejaculated on Brown's sweatshirt." Absolutely False. Applicant has presented as much proof as he can while sitting in a prison and unable to hire a private investigator, and unable to pay to have additional D.N.A. testing conducted to prove his innocence. (see 11.07 application grounds 29, 32, 46, 49, 57; see also grounds 37, 39, 52, 58, 59, 75, 76, 79, 80, 86 for this issue).

Even more prejudicially, as stated in 11.07 grounds 80 and 86, is when 3rd Court of Appeals Justice Jan Patterson took the above falsehood a step further during direct appeal proceedings and stated Applicant "Sexually assaulted" Brown — an actual sexual assault (see 11.07 Appendix Volume 3, Exhibit 32H)— and "made advances towards raping [Brown], but ejaculated before penetration." (see Id., 320). These are outlandish, false statements that the trial record proves never occurred, and that led to Applicant being denied relief on direct appeal.

Lastly, at the end of punishment, Applicant acknowledged his guilt for counts two and three (which Applicant tried to plea bargain for 30 years on at pretrial, RR, Vol. 2, pp. 17-22), but clearly expressed his innocence for count one by turning and looking Brown and her husband directly in their

5.

eyes and stating, "... I would like to say that based on Count one, only I and Ms. Brown and God know exactly what happened. And I know what happened in my heart. I pray that one day the truth actually will come out in regard to that count", (RR, Vol.7, p.47, Lns. 15-19), which Brown refused to respond to although having the opportunity. (RR, Vol.7, p.46, Lns. 3-17).

## B. Relating to FOF/COL No. 3)

1. Applicant objects to the SHTC stating, "... Applicant was convicted of burglary with _intent_ [emphasis mine] to commit theft/assault", as to Cause No. 9034186, Counts two and three. This is not true. The trial indictment for Cause No. 9034186, Count two states, "... attempted to commit and committed theft", (RR, Vol.4, p.15, Lns. 19-25); Count three states, "... attempted to commit and committed assault", (RR, Vol.4, p.16, Lns. 1-7). There was not any intent to commit for these counts. The state charged that Applicant actually committed the burglary-theft and burglary-assault counts; the only intent to commit was Cause No. 9034186, Count one.

## C. Relating to FOF/COL Nos. 7) and 8)

1. Applicant objects to the SHTC stating, "... the most serious offense is the judgment of conviction for Count I ... because the defendant received ... life", (see No. 7)) and "the judgment of conviction for Counts II and III ...", which assesses punishment at 99 years, should be set aside." (see No. 8)). Under Texas law, any sentence of 60 years or more is considered a life sentence. Therefore, Applicant's Count one life sentence and his 99-year sentence(s) for "combined" Counts two and three should be considered equal for double jeopardy - multiple punishments purposes.

6.

Further, Count one is only an "intent" offense (singular) and Counts two and three, which are "combined", are "actually committed" offenses (plural) making them more serious for double jeopardy purposes, especially when the Count three-assault evidentiary issues are considered. Therefore, Applicant's Counts two/three conviction should be retained.

## III. CONCLUSION

For the foregoing reasons, Applicant respectfully requests that the TCCA issue the writ of habeas corpus, acquit Applicant of the Cause No. 9034186, Count one Conviction, Burglary of a Habitation with the Intent to Commit Sexual Assault and retain Applicant's Cause No. 9034186, Combined Count two and Count three convictions for Burglary of a Habitation Attempting to Commit and Committing Theft and Burglary of a Habitation Attempting to Commit and Committing Assault, respectively.

In the alternative, Applicant requests that the TCCA order all of Applicant's Cause No. 9034186 convictions to be set aside and that Cause No. 9034186 be remanded for a new trial.

Respectfully submitted,

Jeffrey S. Fields
TDCJ-CID No. 1234362
Allred Unit
2101 F.m. 369 North
Iowa Park, Texas 76367
ph. 940.855.7477

Applicant in pro se

7.

## CERTIFICATE OF SERVICE

I, JEFFREY SCOTT FIELDS, hereby certify that a true and correct copy of the above and foregoing Applicant's Procedural Objections and Objections to the State Habeas Trial Court's February 26, 2015 Findings of Fact and Conclusions of Law has been served on the SHTC and the State by mailing a copy of it, postage prepaid, First Class Mail, on March 10, 2015, addressed to:

Ms. Velva L. Price
District Clerk
Travis County District Clerk's Office
Attn: Criminal Division
P. O. Box 679003
Austin, Texas 78763-9003

Jeffrey S. Fields
Applicant pro se


## VERIFICATION

I, JEFFREY SCOTT FIELDS, hereby imprisoned under TDCJ-CID No. 1234362 at the TDCJ-CID Allred Unit in Iowa Park, Wichita County, Texas, do verify and certify under penalty of perjury that the foregoing statements are true and correct. Executed on this the 10th day of March, 2015.

Jeffrey S. Fields
Applicant pro se

8.